IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KIMBERLY A. SNYDER,

    Plaintiff,

v.                                  Civil Action No. 5:09CV46
                                             (STAMP)
RAYMOND A. BANNAN, M.D.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR VOLUNTARY DISMISSAL**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)**

I.  Background

The above-styled civil action is before this Court as a result of a notice of removal filed by defendant Raymond A. Bannan, M.D., in which the defendant asserts that federal jurisdiction is pursuant to 28 U.S.C. § 1332. The plaintiff commenced this civil action in the Circuit Court of Ohio County, West Virginia, alleging that the defendant committed professional malpractice by delaying the plaintiff's diagnosis and establishing a negligent treatment plan. Following removal of the action to this Court, the plaintiff filed a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). The defendant filed a response in opposition to which the plaintiff replied. For the reasons set forth below, the plaintiff's motion for voluntary dismissal is granted.

## II. Applicable Law

Federal Rule of Civil Procedure 41(a)(2) provides, in pertinent part, that except for circumstances inapplicable to this case,

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). The purpose of Rule 41(a)(2) is to permit plaintiff to dismiss its claims voluntarily unless doing so unfairly prejudices the parties. See Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). In service of this purpose, Rule 41(a)(2) imposes two constraints. First, it requires a plaintiff to obtain a court order to dismiss the case. Id. Second, it authorizes the district court to set conditions on voluntary dismissal to eliminate any prejudice to a party which may otherwise result from dismissal without prejudice. Id. "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." Id.

## III. Discussion

This Court concludes that the parties will not be prejudiced by granting the plaintiff's motion for voluntary dismissal. The defendant contends that this Court should deny the plaintiff's motion for voluntary dismissal because it is merely an attempt by the plaintiff to bypass federal jurisdiction and refile this action in state court. It is well-established law, however, that "the

2

mere prospect of the transfer of litigation to state court [is] an insufficient basis for denying the motion for voluntary dismissal." Davis, 819 F.2d at 1275. See also e.g. Hunter v. Surgitek/Medical Engineering Corp., 1992 WL 165819, at *2 (N.D. Ind. May 29, 1992) ("Dismissals without prejudice are granted in removed actions so that a plaintiff may proceed with the litigation in a state court, even if the intention or result is to defeat federal diversity jurisdiction."); Johnson v. Pharmacia & Upjohn Co., 192 F.R.D. 226, 229 (W.D. Mich. 1999) ("This Court agrees with the majority of courts that a Rule 41(a)(2) motion for voluntary dismissal should not be denied solely on the basis that federal jurisdiction will be destroyed, because loss of a chosen forum does not amount to 'plain legal prejudice.'"); Katzman v. American Airlines, Inc., 1997 WL 752730, at *1 (S.D.N.Y. Dec. 4, 1997) ("[N]early all courts grant those dismissals when defendant's only argument against dismissal is that the plaintiff manifestly seeks to defeat federal jurisdiction."). Accordingly, this Court finds no prejudice to any party in granting the plaintiff's motion for voluntary dismissal.

## IV. Conclusion

For the reasons stated above, the plaintiff's motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) is GRANTED. It is ORDERED that this civil action be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: September 1, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE